**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Mark Douglas GILL, Defendant-Appellant.**

No. 16-30217

United States Court of Appeals, Ninth Circuit.

Submitted October 6, 2017 *
Portland, Oregon

Filed October 20, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

Leah K. Bolstad, Assistant U.S. Attorney, United States District Court, Portland, OR, Kelly A. Zusman, Assistant U.S. Attorney, DOJ-USAO, Portland, OR, for Plaintiff-Appellee

Robert Warren Rainwater, Esquire, Rainwater Law Group, Portland, OR, for Defendant-Appellant

Before: PAEZ and BEA, Circuit Judges, and ANELLO,** District Judge.

MEMORANDUM ***

Mark Gill appeals the district court's 97-month sentence. We affirm.

The district court's determination of drug quantity is a factual issue reviewed for clear error. *See United States v. Dallman,* 533 F.3d 755, 760 (9th Cir. 2008).

The district court did not err when it declined to consider the lab report's margin of error on the amount of methamphetamine seized from Gill's house. The forensic laboratory weighed the seized drugs and determined that the mixture consisted of 35.89 grams of actual or pure methamphetamine with a margin of error of 3.28 grams. Absent evidence challenging the reliability of the lab report, which Gill did not present, the district court was well within its discretion to calculate Gill's base offense level based on 35.89 grams of actual methamphetamine seized.

Gill's reliance on *United States v. Culps,* 300 F.3d 1069 (9th Cir. 2002), and *United*

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*States v. Scheele*, 231 F.3d 492 (9th Cir. 2000), is misplaced. We have required district courts to consider the margin of error only when "a drug quantity is arrived at in a manner that is inherently imprecise," such as when there is an approximation of unseized drugs. *Scheele*, 231 F.3d at 499. There is nothing inherently imprecise about a lab report's analysis of seized drugs.

**AFFIRMED.**